```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

DANIEL ORIAKHI                   *

        Petitioner      *

        vs.              *    CIVIL ACTION NO. MJG-13-271

UNITED STATES OF AMERICA         *

                                *

        Respondent

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER RE: PETITION FOR WRIT OF CORAM NOBIS

The Court has before it the Petition for Writ of Error Coram Nobis Pursuant to § 1651 [Document 1], filed by Petitioner Daniel Oriakhi pro se. The Court finds that neither a response nor a hearing is necessary.

I.  BACKGROUND

In 1992, a jury found Petitioner Daniel Oriakhi ("Oriakhi") guilty of one count conspiracy to distribute heroin and two counts possession of heroin with the intent to distribute after a trial in this Court before the Honorable Herbert N. Maletz. United States v. Oriakhi, 57 F.3d 1290, 1295 (4th Cir. 1995). The court sentenced Oriakhi to concurrent terms of 300 months imprisonment on each count.

Oriakhi asserts that he is entitled to a writ of coram nobis vacating his conviction because he has completed serving

his sentence and has no other available remedy to raise his claim of ineffective assistance of counsel.  [Document 1] at 2. Oriakhi claims his counsel provided "ill advice" as to the immigration consequences of a criminal conviction.  Id.  Oriakhi does not define this "ill advice" or further explain what, if anything, counsel told him regarding the possibility of deportation as a consequence of a conviction.  As to the fact that Oriakhi's conviction resulted from a jury trial and not a guilty plea, he contends such "does not diminish counsel's pre-trial responsibilities to provide proper advise [sic] regarding the consequences of the deportation from the United States." Id. at 2-3.

II.   STANDARD OF REVIEW

A writ of error coram nobis is an "extraordinary remedy" and such review "should be allowed . . . only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character."  See United States v. Morgan, 346 U.S. 502, 511 (1954) (internal quotations omitted); United States v. Mandel, 862 F.2d, 1067, 1075 (4th Cir. 1988) (explaining writ is used where "no other remedy may be available").  Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue.  See 28 U.S.C. § 1651; Morgan,

346 U.S. at 512-13.

Coram nobis is traditionally available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotations omitted).  For example, coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction.  See Mandel, 862 F.2d at 1075.  However, in light of the Federal Rules of Criminal Procedure, the Supreme Court has opined that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.'" Carlisle, 517 U.S. at 429 (quoting United States v. Smith, 331 U.S. 469, 476 n.4 (1947)).

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Bazuaye, 399 F. App'x 822, 824 (4th Cir. 2010) (unpublished) (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987)); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).  "[A] court reviewing a petition for

3

writ of coram nobis to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner." Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005) (citing Morgan, 346 U.S. at 512).

III. DISCUSSION

Oriakhi relies on United States v. Akinsade, 686 F.3d 248 (4th Cir. 2012) to support his claim that alleged "ill advice" given by counsel regarding the immigration consequences of a criminal conviction constituted an error of the most fundamental character such that coram nobis relief vacating his conviction is required to achieve justice.

In Akinsade, the government offered the petitioner (Akinsade) a plea agreement in connection with a charge of embezzlement by a bank employee. 686 F.3d at 249. Akinsade claimed that before he entered his guilty plea, his lawyer told him, contrary to law, that "a guilty plea to the embezzlement charge 'would not constitute a deportable offense'" and that the district court's admonishment during the plea colloquy was insufficient to cure his counsel's incorrect advice. Id. at 258-59 (Traxler, J., dissenting). Akinsade alleged that if he had been properly advised by counsel, he would not have pleaded guilty. See id. at 256. The Fourth Circuit granted Akinsade's

4

writ of coram nobis and vacated his conviction finding, among other things, that his counsel's "affirmative misrepresentations that the crime at issue was non-deportable prejudiced Akinsade" so that he had established an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 687 (1984). See id. at 256.

Oriakhi does not specify the "incorrect advice" he received from counsel.  However, even if he, as was the case in Akinsade, had been incorrectly advised that conviction would not lead to deportation, he would not be entitled to a vacation of his conviction.  Oriakhi did not plead guilty, did not waive any of his rights, but proceeded to trial, received a fair trial and was convicted.

Oriakhi maintains that if counsel had properly and adequately advised him of the immigration consequences of a conviction he would have opted "to resolve the criminal charges in a manner favorable to him" by "seeking the possibility of providing the government a substantial assistance by acting as an informant" or seeking "lesser charges that would not have exposed him to deportation."  [Document 1] at 3.  However, Oriakhi provides no basis on which the Court could find that he could have obtained an elimination of charges against him that would have not required his deportation.  Indeed, Oriakhi faced charges on which he could, and in fact would, receive a 25 year

sentence.  Even with this substantial incentive to reduce his sentence exposure, Oriakhi did not "cooperate".  Moreover, he does not present any alleged "facts" establishing that he had the ability to negotiate a resolution that would convert the charges against him to non-deportable offences yet chose not to use that ability to reduce his sentence below 25 years.

In sum, the Court finds that, (1) Oriakhi has not adequately presented a claim that his counsel erroneously advised him that if convicted he would not face deportation and (2) even if he had established that claim, he has not established that there was any realistic chance (much less a reasonable probability) that he could have taken action that would result in a reduction of the charges against him.

Accordingly, Petition for Writ of Error Coram Nobis pursuant to § 1651 [Document 1] is DENIED.

SO ORDERED, on <u>Monday, February 11, 2013</u>.

<pre>                              _____/s/_____
                              Marvin J. Garbis
                           United States District Judge</pre>